UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                                                <u>DECISION AND ORDER</u>

                                                                09-CR-6143L
                                                                11-CV-6085L

                v.

STEPHEN M. REBER,

                                        Defendant.

_____

Defendant Stephen Reber ("Reber") pleaded guilty, pursuant to a written plea agreement (Dkt. #16) to one count of knowingly receiving child pornography.  Such a charge carries a mandatory minimum sentence of 5 years (60 months) with a maximum possible sentence of a term of 20 years imprisonment.  The parties calculated the United States Sentencing Guidelines and determined that the Guideline range provided for a sentence of 63-78 months.  The plea agreement, however,  provided for a specific sentence of 63 months, pursuant to FED. R. CRIM. P. 11(c)(1)(C), if the Court were to accept the plea agreement.

A presentence report was prepared and the Probation Department determined that the Guideline range was in fact 63-78 months.  On February 10, 2010, the Court accepted the plea agreement and imposed the agreed upon sentence of 63 months together with a 10 year term of supervised release, a $500 fine and a $100 special assessment.

The plea agreement provided that in consideration of the plea, Reber waived his rights to appeal the judgment as well as to collaterally attack the judgment and sentence.

In spite of that waiver, Reber has filed a motion (Dkt. #27) *pro se* to vacate the judgment pursuant to 28 U.S.C. § 2255.  The Government has filed a detailed response to the motion (Dkt. #32) and Reber has replied (Dkt. #38).

For the reasons that follow, Reber's motion is in all respects denied.  Furthermore, I deny a certificate of appealability because Reber has failed to make a substantial showing of a constitutional violation.

The plea agreement provides clearly that defendant waives the right to appeal the judgment directly or by collateral attack.  Of course, this § 2255 proceeding is precisely that -- a collateral attack on the judgment.  For this reason alone, this motion should be denied since it is barred by the terms of the plea agreement.  During the plea colloquy, Reber was specifically questioned by the Court about this aspect of the agreement, that is, that the agreement precluded any direct appeal or collateral challenge.  Reber affirmed that he understood that to be the case.

The transcript of the plea colloquy also demonstrates that Reber was fully advised of the terms of the agreement, including the agreed upon 63 month sentence.  Reber was also advised of all of his constitutional rights, including the right to a jury trial and all rights related to it.  Reber indicated that he understood all those rights, understood the Court would impose the 63 month sentence if it accepted the plea agreement and Reber indicated that he was fully satisfied with the help and assistance of his lawyer.

Reber claims now to have received ineffective assistance of counsel.  What Reber fails to do, however, is indicate in any way that he was not fully apprised of all the consequences of pleading guilty, and he makes no suggestion whatsoever that he is actually innocent of the charges to which he pleaded guilty to, that is, the receipt of child pornography.

As the Government discusses at length in its response, a defendant who pleads guilty and later claims ineffective assistance of counsel has a heavy burden.  Under the well established test adopted by the United States Supreme Court in *Strickland v. Washington,* 466 U.S.  668 (1984), the

defendant must demonstrate that counsel's performance was deficient based on an objective standard of reasonableness and that the performance was somehow prejudicial.

Reber meets neither prong of that test.   In the context of a guilty plea, Reber must demonstrate that counsel's performance undermined the voluntary and knowing nature of his decision to plead guilty.   Reber has failed to adduce anything that would support such a finding.   As part of the plea colloquy and as further set forth in the factual basis portion of the plea agreement, Reber admitted that he possessed more than 600 images of child pornography on his computer. After reviewing the evidence found on the computer and after discussion with counsel, negotiations ensued for entry of a plea pursuant to a plea agreement.

Counsel was able to craft a not unfavorable plea agreement which provided that the Court would impose the minimum Guideline sentence of 63 months, which was well below the 78 month term at the top of the Guideline range and, of course, well below the 20 year maximum statutory penalty that could have been imposed.

The plea agreement provided for the 63 month sentence and the presentence report calculated precisely the same Guideline range as anticipated in the plea agreement and Reber made no challenge or objection whatsoever to any of those Guideline calculations.

Much of what Reber now raises relates to matters that occurred at the time of his arrest and involve issues relating to the conduct of law enforcement agents.

Of course, it is well established that when one pleads guilty, one waives any claims or motions that could have been made as part of a trial or pretrial proceeding.   Reber elected to plead guilty and by doing so waived any challenge to issues that might have been pursued under the Fourth or Fifth Amendments.

Reber's motion, and especially his reply (Dkt. #38) contain lengthy statements about Reber's circumstances at the time law enforcement agents contacted him and other issues which he believes were improper.   None have merit or warrant the relief Reber know seeks.   One may not plead guilty,

take the agreed upon favorable sentence and then later raise myriad issues challenging the plea and agreed upon sentence.

Reber's lengthy discussion of federal court cases discussing the Sentencing Guidelines for child pornography have no bearing on his case. Reber was properly sentenced using the Guidelines in effect at the time of the sentencing and, in fact, there was no difference between those Guidelines and the Guidelines in effect at the time of the plea.  In any event, the Sentencing Guidelines have very little impact on Reber since it was the statutory minimum sentence of 60 months that impacted Reber more than the Guidelines.

I have considered all the matters raised by Reber in his motion and prolix reply and find no basis to vacate or otherwise modify the judgment.


CONCLUSION

The motion of defendant Stephen Reber (Dkt. #27) to vacate the judgment, pursuant to 28 U.S.C. § 2255 is in all respects denied.

I deny a certificate of appealability because defendant has failed to make a substantial showing of a constitutional violation.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 23, 2012.

- 4 -